UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62455-Civ-COHN/SELTZER

HILDA L. SOLIS,
Secretary of Labor,
United States Department of Labor,

   Plaintiff,

v.

GOVERNMENT EMPLOYEES AFGE
AFL-CIO LOCAL UNION 3168 USDA, and
ROBERTO MENDEOLA, individually and
as Treasurer of the Government
Employees AFGE AFL-CIO LOCAL UNION
3168,

   Defendants.
_____/

**DEFAULT JUDGMENT**

THIS CAUSE having come before the Court on Plaintiff's Motion for Default Judgment, and it appearing that the Defendants have failed to plead or otherwise defend in this case, the Court issues the following findings of fact, conclusions of law and judgment thereon.

<u>Findings of Fact</u>

The uncontested allegations of the Complaint properly establish the following:

1. Defendant, Government Employees AFGE AFL-CIO Local Union 3168, USDA (hereinafter "Local 3168") is, and at all times relevant to this action had been, a labor organization as defined by § 3 of

1

the Act, 29 U.S.C. § 402(i), maintaining its principal place of business in Sunrise, Florida.

2. Defendant Local 3168 is, and at all times relevant to this action had been, a labor organization engaged in an industry affecting commerce. See 29 U.S.C. §§ 402(i), 402(j), and 431(b).

3. Defendant ROBERTO MENDEOLA (hereinafter "Mendeola") is, and at all times relevant to this action had been, an officer (Treasurer) of Local 3168, as defined by § 3 of the Act, 29 U.S.C. § 402(n).

4. Plaintiff, HILDA L. SOLIS, is the duly appointed Secretary of Labor for the United States Department of Labor. Plaintiff is authorized to bring this action under section 210 of the Act, 29 U.S.C. § 440.

5. Defendants were required to file an annual financial report with the Department of Labor within 90 days after the end of each of its fiscal years. See 29 U.S.C. §§ 431(b), 437(b); 29 C.F.R. § 403.2 and 403.3. Defendant Local 3168's fiscal year ran from February 1 through January 31.

6. Defendant Local 3168's annual financial report for fiscal year 2009, covering the period from February 1, 2009, to January 31, 2010, was required to be filed with the Department of Labor by May 1, 2010: more than six months ago.

7. After May 1, 2010, because the Plaintiff had not received Local 3168's annual financial report for fiscal year 2009,

Plaintiff made repeated requests to the Defendants to provide this report, including verbal and/or written requests directed to Defendant Mendeola at Local 3168's principal place of business in Sunrise, Florida.

8. Defendants Government Employees AFGE AFL-CIO Local 3168 USDA (hereafter Local 3168), and Roberto Mendeola, in his capacity as Treasurer of Local 3168, and in his individual capacity, failed to file Local 3168's annual financial report for fiscal year 2009, which Local 3168 was required to file with the United States Department of Labor by May 1, 2010, pursuant to the requirements of the Act.

9. Defendants' failure to file the required annual financial report for fiscal year 2009 continued through the date of the filing of Plaintiff's Motion for Default Judgment.

10. Defendants did not file an answer to the Complaint.

11. A default was entered by the Clerk of Court on January 26, 2011. See DE 10.

### Conclusions of Law

1. The Court has jurisdiction of this action under section 210 of the Act, 29 U.S.C. § 440, and under 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this district pursuant to 29 U.S.C. § 440.

3. The Defendants' failure or refusal to file Local 3168's

annual financial report for fiscal year 2009 violated the Act. 29 U.S.C. § 431(b); 29 C.F.R. §§ 403.2 and 403.3. This annual financial report was due to be filed within ninety (90) days of the end of Local 3168's fiscal year, which ended on January 31, 2010. See 29 U.S.C. § 437(b); 29 C.F.R. § 403.2(a).

4. Any negligent or willful failure to file an annual financial report as required by the Act frustrates the purpose of the United States Congress in enacting the Act, and thereby harms the general public.

5. The relief sought by the Plaintiff is appropriate with respect to the reporting requirement at issue, and is reasonable, and supported by pertinent case law. See Secretary of Labor v. Security Enforcement, Workers Union Local 1, 2009 WL 3198803 *2-3 (M.D.Fla. 2009); Schultz v. Local Union 1694, International Longshoremen's Association, 310 F.Supp. 1356, 1360-63 (D. Del. 1970).

6. With specific reference to the requested permanent injunction, the Court concludes that: a) the United States and the public would suffer irreparable harm absent the Court's enforcement of the Labor-Management Reporting and Disclosure Act (the Act), 29 U.S.C. §§ 431-441, with which the Defendants have failed to comply; b) the Defendants would suffer little or no harm from an injunction which is intended to bring about compliance with specific provisions of the Act; c) the Defendants have offered no defense to

4

their failure to comply with the Act; d) the public interest would be served by the injunction; and e) in the absence of the injunction, the Defendants would continue to violate the law and interfere with the administration of the Act. See United States v. Kahn, 164 Fed.Appx. 855, 858-859 (11th Cir. 2006).

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. A Default Judgment is entered against the Defendants in this case;

2. The Default Judgment establishes the Plaintiff's well-pled allegations of fact, as stated above;

3. The Defendants are hereby ordered to file a proper Labor Organization Annual Report for fiscal year 2009 with the United States Department of Labor, as required by sections 201(b) and 207(b) of the Act, 29 U.S.C. §§ 431(b) and 437(b), and the regulations promulgated thereto, 29 C.F.R. §§ 403.2 and 403.3, <u>within fourteen (14) days of the date of this order</u>; and

4. The Defendants are permanently enjoined from further violating any of the provisions of sections 201(b) and 207(b) of the Act, 29 U.S.C. §§ 431(b) and 437(b), and the regulations promulgated in relation thereto, 29 C.F.R. §§ 403.2-403.4.

DONE AND ORDERED in Chambers at Fort Lauderdale, Florida, this 16TH day of MARCH, 2011.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies: counsel and parties of record

5